IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 98-cv-00673-RPM

WILLIAM H. HARPER; and
LAVONNA JO HARPER,

    Plaintiffs,

v.

COLORADO STATE BOARD OF LAND COMMISSIONERS,

    Defendant.

---

ORDERS ON MOTION FOR ATTORNEY FEES,
MOTION TO STRIKE, AND MOTION FOR EXTENSION OF TIME

---

Trial was held on the plaintiffs' breach of contract claim based on allegations that the defendant failed to hold a hearing regarding the value of improvements to Crow Hill Ranch, violating a February 1995 stipulation. The jury returned a verdict in favor of the plaintiffs on this claim, but found the defendant's conduct was not willful or wanton. Damages were awarded to the plaintiffs.

After trial, the plaintiffs requested attorney fees, which request was denied by order dated March 17, 2005. The plaintiffs appealed.

On appeal, the plaintiffs argued that "the defense offered by the Land Board and its officials to the breach of stipulation claim lacked substantial justification," entitling them to attorney fees under C.R.S. § 13-17-102. *Harper et al. v. Colorado State Board of Land Comm'rs,* 2007 WL 2430122, at *8 (10th Cir. Aug. 29, 2007). The Tenth Circuit remanded the

issue of the plaintiffs' request for attorney fees under C.R.S. § 13-17-102 to the court for further consideration as the March 17, 2005 order did not specify grounds for the denial of the plaintiffs' motion. All other issues appealed were affirmed.

Following the Tenth Circuit's opinion, the plaintiffs filed an Amended Signed Request for Ruling on Attorney Fees, which requested fees claimed for prosecuting and defending the matter before this court, fees incurred in the appeal to the Tenth Circuit, and fees incurred after the appeal. A "supplemental affidavit" and additional bills were also submitted.

The defendant argued that a factual dispute existed regarding the stipulation which was appropriate for a jury to decide. The plaintiffs moved to strike the defendant's response. That motion is denied. The defendant's response is proper in light of the plaintiffs' "amended" request, the Tenth Circuit's remand to this court for further consideration of the fees issue, and the denial of the plaintiffs' original motion for fees.

The plaintiffs now also seek fees under 42 U.S.C. § 1988 even though their Section 1983 claim was dismissed. The remand to this court did not include consideration under Section 1988 and is limited to the issue of the recovery of attorney fees under Colorado's groundless and frivolous statute. A request for fees under Section 1988 was not made in the plaintiffs' original motion or argued before the Tenth Circuit. There is no basis for awarding fees associated with work on the appeal or thereafter.

C.R.S. § 13-17-102(2) provides that attorney fees shall be awarded "against any attorney or party who has brought or defended a civil action, either in whole or in part, that the court determines lacked substantial justification." *See also* C.R.S. § 13-17-102(4). "'[L]acked

substantial justification' means substantially frivolous, substantially groundless, or substantially vexatious." *Id.*

An award of attorney fees is not appropriate because whether the defendant breached the February 1995 stipulation was a contested factual issue that was decided by a jury. The defendant presented evidence at trial on this issue, including testimony that appraisals had been done, there were settlement negotiations which would forgo the necessity of a hearing, and testimony from attorney Michael King, the defendant's counsel, that he believed a deal had been agreed to by Mark May, who represented he was the plaintiffs' counsel, and that no hearing would be required. Evidence was also presented that subsequent attempts were made to have a hearing, with disputes over why a hearing was not held.

Section 13-17–103, C.R.S. sets forth factors to consider in granting an award of attorney fees, and those factors support a denial. Although the defendant is a trustee of land held in public trust and the plaintiffs are individuals, evidence of the dispute over the performance of the 1995 stipulation existed prior to the filing of the lawsuit, the evidence was disputed as to the validity of this claim and the defendant's defense, the action was not defended in bad faith, many claims were asserted by the plaintiffs but they prevailed on only this claim, and the plaintiffs offered to settle for sums vastly larger than that ultimately recovered. It is therefore

ORDERED that the plaintiffs' Motion to Strike [Doc. #425] is denied, the defendant's Motion for Extension of Time [Doc. #427] is granted, and the defendant's response is accepted as filed; and

FURTHER ORDERED that the plaintiffs' request for attorney fees [Doc. #418] is denied.

DATED: January 23, 2008

BY THE COURT:

s/Richard P. Matsch

Richard P. Matsch, Senior District Judge